United States District Court
Middle District of Florida
Jacksonville Division

**DISCOVERY YOGA, INC.,**

    *Plaintiff,*

v.                                                                                    NO. 3:17-cv-1115-J-20PDB

**AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,**

    *Defendant.*

---

## Report and Recommendation

On October 5, 2017, the plaintiff, through counsel, filed a complaint against the defendant seeking insurance benefits for flood damage. Doc 1. The defendant answered and asserted affirmative defenses, Doc. 4, and the Court entered a case management and scheduling order, Doc. 6.

On July 26, 2018, the plaintiff's counsel moved to withdraw because of irreconcilable differences and asked the Court to stay the case for thirty days to allow the plaintiff time to retain new counsel. Doc 7. On August 1, 2018, the defendant moved to compel discovery and asked the Court to direct the plaintiff to show cause why the case should not be dismissed for failing to respond to discovery. Doc. 8. At a telephone conference on the motions, counsel for the plaintiff stated the plaintiff had no objection to his withdrawal and understood a corporation must have representation. Doc. 12.

The Court permitted counsel to withdraw, stayed the case for thirty days, and set a deadline of September 10, 2018, for new counsel to appear on the plaintiff's

behalf or for the plaintiff to notify the Court it does not intend to proceed.[1] Doc 13. In an August 22, 2018, order, the plaintiff was cautioned that failure to comply with the deadline would result in an order to show cause. Doc. 13 at 2. The plaintiff did not respond, and no attorney filed a notice of appearance.

In a September 11, 2018, order, the plaintiff was directed to show cause by October 10, 2018, why the case should not be dismissed for failure to comply with the August 22, 2018, order or otherwise prosecute the case. Doc. 14. The plaintiff was warned that failure to timely show satisfactory cause could result in dismissal of this case without further notice. Doc. 14. The plaintiff has not responded.

"Whenever it appears that any case is not being diligently prosecuted the Court may, … on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." Local Rule 3.10(a); *accord West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014) ("[I]t is well-established that a district court has the power to manage its own docket, which includes the inherent power to dismiss an action for failure to prosecute or for failure to obey a court order."). Dismissal with prejudice for failure to prosecute is warranted only if there is a "clear record of delay or contumacious conduct." *Morewitz v. W. of England Ship Owners Mut. Protection & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

Here, the plaintiff has not diligently prosecuted the case and has shown no cause—satisfactory or otherwise—why the Court should not dismiss the case for failure to follow the Court's orders, Docs. 13, 14, or otherwise prosecute the case. I therefore recommend **dismissing** the case and **terminating** the defendant's motion

---

[1]Because the Court allowed the plaintiff's counsel to withdraw, the Court did not rule on the motion to compel discovery, Doc. 8, and explained it would set a status conference to discuss discovery matters if new counsel appeared, Doc. 13 at 2.

3

to compel discovery, Doc. 8.[2] Because there is no clear record of delay or contumacious conduct, I recommend that the dismissal be without prejudice.[3]

**Ordered** in Jacksonville, Florida, on October 11, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record

Discovery Yoga, Inc.
3 Davis Street
St. Augustine, FL 32084

Gabriel Manuel de las Salas, Esquire
The Rain Law Firm
1930 Harrison Street, Suite 506
Hollywood, FL 33020

---

[2]The defendant did not seek any fees related to the motion to compel. *See generally* Doc. 8.

[3]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

4